IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA

| | |
|---|---|
| DAVID BARTON THACKER, an unmarried man,<br><br>Plaintiff,<br><br>vs.<br><br>THE BANK OF NEW YORK MELLON, f/k/a THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST 2007-24, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-24, a national association, and BAYVIEW LOAN SERVICING, LLC.,<br><br>Defendants. | CASE:<br><br>COMPLAINT<br>[JURY DEMAND] |

COMES NOW, DAVID BARTON THACKER, an unmarried man, hereinafter "Plaintiff," by and through the undersigned counsel, files this lawsuit seeking quiet title and for judgment and damages resulting from the business practices of defendants, THE BANK OF NEW YORK MELLON, f/k/a THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST 2007-24, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-24, and BAYVIEW

COMPLAINT 1

LOAN SERVICING, LLC, which are unfair and deceptive and which are designed to inflict the maximum injury and damages upon homeowners such as the Plaintiff without just cause and without compliance with applicable laws.

## PARTIES, JURISDICTION AND VENUE

1. The Plaintiff is a resident of Pierce County, Washington, and sole record owner of the real property located at 4312 102nd Avenue East, Edgewood, WA 98371 ("the Property") which is further described legally as per the attached Exhibit A (Exhibit A, Legal Description).

2. Defendant BAYVIEW LOAN SERVICING, LLC, ("Bayview") is the default servicer of the mortgage loan secured by the Property ("the Loan"). Bayview is a Delaware corporation and operates out of Coral Gables, Florida.

3. Defendant THE BANK OF NEW YORK MELLON ("BONY"), is a national association which is governed under the trust laws of the State of New York. BONY acts as Trustee for the Certificate Holders of the CWALT, Inc., Alternative Loan Trust 2007-24, Mortgage Pass-Through Certificates, Series 2007-24, which purports to be the owner of the Loan that Plaintiff and his then-wife, Melody Thacker, obtained in June of 2007 and which is secured by the Property. Plaintiff has since divorced and his ex-wife, Melody Thacker, has conveyed her share of interest in the Property to him via quit claim deed (Exhibit B, Quit Claim Deed). BONY is responsible for the hiring and retention of Bayview and has conferred complete authority and discretion upon Bayview to service the Loan and to refer the Loan to foreclosure.

4. None of these defendants was involved with the Plaintiff when he and his ex-wife obtained the Loan originally in 2007. Neither of them has explained how or provided complete proof of the transfer of the Loan from the original lender, SJ Lending LP, d/b/a

COMPLAINT 2

Community One Financial Ltd., to the securitized trust as identified by them. Yet, these defendants have participated in some or all aspects of debt collection and certain attempts to dispossess the Plaintiff's from his Property. This is a pattern of business engaged in by the defendants, perpetrating against and victimizing other Washingtonians. Both defendants have conducted business within the borders of the State of Washington whereupon their business practices have harmed the Plaintiff and others who are similarly situated.

7. Defendants have used the mail, the telephone and the internet to reach across state lines into Washington to conduct their business. Defendants provide services and receive compensation for performance of these services but none of them have a direct stake in the ownership or a security interest in the collateral used to secure the mortgage loans they service. Neither defendant has any skin in the game. BONY, in particular, has not hesitated to allow its agents and/or servicers to commit serial foreclosures upon borrowers, including Plaintiff, without regards to the rules of law governing such action.

8. Plaintiff seek damages against the defendants in the amount which exceeds $75,000.00. The parties are citizens of all different states. Therefore, the Court has jurisdiction based on complete diversity.

9. Venue is proper in the United States District Court, Western District of Washington, Tacoma, as the Property which is located in Pierce County, Washington.

## FACTS

10. Plaintiff and his ex-wife borrowed $432,000.00 from SJ Lending LP d/b/a Community One Financial, Ltd., in June of 2007; which mortgage Loan was secured by the Property ("The Loan"). The recession hit hard and Plaintiff made his last payment sometime in 2008. Shortly thereafter, the then-loan servicer and agent of BONY, Countrywide, issued a

Notice of Intent to Accelerate dated October 3, 2008 (Exhibit C, Notice of Intent to Accelerate).

11. Plaintiff did not cure the arrears and BONY never made any effort to cancel or revoke the Notice of Intent to Accelerate.

12. On July 2, 2010, the Plaintiff and Melody Thacker filed for protection under Chapter 7 of the bankruptcy code. The Loan was listed on their schedules, and defendant BONY filed a proof of claim specifying the Loan and the obligations under (Exhibit D, Attachment to Proof of Claim). Plaintiff and Melody Thacker were discharged on November 12, 2010 (Exhibit E, Order of Discharge).

14. The Thackers did not reaffirm the Loan and their personal liability under the Promissory Note were discharged.

15. The last missed payment before the discharge of the Thackers' personal liability was November 1, 2010; said date triggered the Washington's six-year statute of limitations period for enforcing the Deed of Trust that they executed in 2007. This is because the discharge alerted BONY or any other entity claiming rights and interests under Note that the limitations period to foreclose on the Property as security has commenced.

16. BONY, via its agents, recorded Notices of Trustee Sale on January 29, 2009, March 31, 2010, and May 5, 2011, in order to foreclose upon the Property via nonjudicial means (Exhibit F, Notices of Trustee's Sale). However, these sales were postponed, and eventually cancelled at BONY's discretion or the discretion of the agents that BONY hired.

17. In March of 2018, nearly eight years after the last payment was missed by Thacker, BONY again, through defendant Bayview and other agents, caused for a Notice of Trustee's Sale to be recorded on March 21, 2018, setting the auction sale date for July 20, 2018 (Exhibit G, 2018 Notice of Trustee's Sale).

COMPLAINT 4

18. Knowing that the debt has been time-barred, defendant Bayview continues to issue periodic statements and other debt collection correspondence to the Thackers for years; the most recent are dated for 2018 (Exhibit H, Statement and Debt Collection Correspondence).

## CAUSES OF ACTION

19. Plaintiff expressly incorporates and incorporates by reference, each and all of the foregoing factual allegations as enumerated in under the Facts Section, into each and all of his Causes of Action below:

### COUNT ONE: QUIET TITLE

20. A claim arising from a written contract must be brought within six years of the date the cause of action accrues. RCW 4.16.005, 4.16.040. The current nonjudicial foreclosure of the Thacker home is based on the Deed of Trust that they executed in favor of the original lender SJ Lending LP d/b/a Community One Financial, Ltd on or about June 12, 2007. The recovery sought by BONY and Bayview is based on an obligation payable by installments and each installment triggers the obligation payable by installments and the statute of limitations runs against each installment from the time it becomes due. In this case, the statute was triggered by BONY's unequivocal act, through its agent Countrywide, to accelerate the entire debt via its Notice of Intent to Accelerate dated October 3, 2008.

21. At no time did BONY take any action to decelerate or revoke the original Notice of Intent to Accelerate dated October 3, 2008. Therefore, the statute of limitations expired on October 3, 2014.

22. Alternatively, the statute of limitations was trigged on November 1, 2010, the last missed payment before the bankruptcy discharge. As such, the statute expired on November 1, 2016. In other words, BONY had until November 1, 2016, to complete the foreclosure of the

Thacker property.

22. BONY, via its agents, recorded Notices of Trustee Sale on January 29, 2009, March 31, 2010, and May 5, 2011, in an attempt to foreclose upon the Property via nonjudicial means (<u>Exhibit C, Notices of Trustee's Sale</u>). These sales were postponed, and eventually cancelled at BONY's discretion or the discretion of the agents that BONY hired.

23. The defendants' current attempt to foreclose upon the Thacker home nonjudicially by scheduling a Notice of Trustee's Sale for July 20, 2018, is time-barred under the Notice of Intent to Accelerate issued on November 3, 2008, or the last missed payment of November 1, 2010. Therefore, Plaintiff is entitled to quiet title as against all defendants.

24. The Plaintiff has suffered substantial prejudice in relying on the Notice of Acceleration and will be furthered prejudiced if the defendants were to be allowed to manipulate the process and benefit from their own neglect in timely and diligently pursing their claim for collection on the Note or for foreclosure on the Deed of Trust.

**COUNT TWO: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT,**

25. Defendant Bayview collects the Thacker loan on behalf of defendant BONY. It did not service the Loan until after the Loan had been declared to be in default. As such, Bayview is a debt collector under the FDCPA, 15 U.S.C 1692a (6). By commanding for its agent to initiate foreclosure and attempting to dispossess Plaintiff from the Property, Bayview violated §1692e because any legal right its principal BONY has as the lender expired under Washington Statute of Limitations. The six-year period of statute of limitations was triggered by the Notice of Intent to Accelerate dated November 3, 2008, or the last missed payment of November 1, 2010. In either case, the current foreclosure effort by the defendants is unlawful because it is outside the statute of limitations, RCW 4.16.040(1).

26. Suing or effectuating a proceeding for repossession or foreclosure on a time-barred debt is a practice uniformly held by courts to violate the FDCPA as a matter of law. Thus, BONY's authorization for Bayview to act via its foreclosing trustee, Seaside Trustee of Washington, Inc., in recording the Notice of Trustee's Sale on March 21, 2018, and setting the auction sale date of July 20, 2018, violated the FDCPA.

27. Plaintiff has suffered compensatory damages as a result of the defendants' collective and serial attempts to foreclose on his Property when they knew or should have known that any foreclosure effort is time-barred; his damages are in form of lost time, out-of-pocket expenses, attorney's fees and costs incurred to resist the defendants' most recent unlawful and successive nonjudicial foreclosure in 2018.

## COUNT THREE: VIOLATION OF THE CONSUMER PROTECTION ACT; ALL DEFENDANTS

28. The defendants have violated the Washington Consumer Protection Act ("CPA") as to each of the five elements: they have committed one or more (1) unfair or deceptive act or practice; (2) in trade or commerce; (3) that has an impact on the public interest; (4) resulted in injury in the Pifers in their business or property; and (5) the injury and damages suffered were proximately caused by the defendants.

29. The business of default loan servicing with includes nonjudicial foreclosure has been adjudicated by Washington courts to be occurring in commerce and impacting an important public interest. The defendants use the internet to advertise and to communicate with borrowers from their locations which are outside of the State of Washington. They use the mail, the telephone and the internet to transmit notices of intent to accelerate, periodic statements, notices of default, notices of debt validation, notices of trustee's sale, and other correspondence

1   to borrowers including the Plaintiff. The defendants receive substantial compensation for their services and part of their compensation comes directly from payments made by borrowers. Thus, the defendants' business activities are carried out in trade or commerce.

30. The defendants knew or should have known that the debt they are trying to collect and the collateral they are trying to foreclose upon is absolutely time-barred. As lender and servicer, the defendants are charged with actual knowledge that where the Thackers made their last payment in 2008, and where they received the Notice of Intent to Accelerate dated November 3, 2008. Because the defendants never revoked said Notice, but nevertheless engaged in an effort to serially foreclose upon the Plaintiff's Property, their action is both unfair and deceptive.

31. Where the six-year period of statute of limitations expired either on November 3, 2014, or alternatively on November 1, 2016, the Notice of Trustee's Sale setting sale date of July 20, 2018, issued after the statute of limitations had expired, is an unlawful attempt to interfere with the Plaintiff's rights and interests upon the Property.

32. The defendants' action of foreclosing on the Property based on the terms of the Deed of Trust after the statute of limitations expired is unfair. The defendants' act of transmitting various foreclosure documents and correspondence to the Plaintiff and his ex-wife for debt collection purposes (compelling payment to cure) and for foreclosure purposes is deceptive because the lender's legal right to foreclose on the collateral has been limited or eliminated by the statute of limitations.

33. The defendants' individual and collective conduct have directly and proximately caused Plaintiff to suffer injury and actual damages. In addition to having paid attorney fees and costs to fight the most recent unlawful nonjudicial foreclosure in 2018, the Plaintiff also has lost

BARRAZA LAW PLLC
14245-F AMBAUM BLVD SW
SEATTLE WA 98166
Tel. 206-933-7861/Fax206-933-7863

time from work and has incurred out-of-pocket expenses relating to his effort to make the defendants aware of the status of the Loan. In addition to the enumerated injury and damages, the Plaintiff would lose the Property through a trustee's sale and suffer the complete loss of its fair market value, which is approximately $500,000.00, even though the lender's right to foreclose has been extinguished by the statute of limitations.

34. The defendants reported and continue to report to the credit reporting agencies derogatory information concerning the Loan, even though the Plaintiff's personal obligations have been discharged through bankruptcy. The defendants reported and continue to report to the credit reporting agencies derogatory information concerning the Property being under active foreclosure, even though their right to foreclose has been limited or extinguished entirely by the expiration of the statute of limitations period. Because of the defendants' reporting, Plaintiff's credit standing has been irretrievably and adversely affected; he has suffered complete denial of credit, or much higher cost of credit.

35. The defendants' act of recording and advertising the Property as under active foreclosure, even though they are without legal authority to do so, has diminished the value of the Property immensely.

36. Plaintiff's damages, in their entirety, exceeds $75,000.00.

## PRAYER FOR RELIEF & DAMAGES

Having stated his allegations and claims, Plaintiff prays the Court for the following relief:

1. For declaratory relief and judgment that the Debt is time-barred;

2. For an injunction barring the defendants from selling the Property at auction;

3. For damages provided under the Fair Debt Collection Practices Act;

5. For an award of injury, actual damages suffered, and treble damages and attorney

COMPLAINT 9

BARRAZA LAW PLLC
14245-F AMBAUM BLVD SW
SEATTLE WA 98166
Tel. 206-933-7861/Fax 206-933-7863

1  fees and costs under the Washington Consumer Protection Act;

2      6.    For prejudgment interests;

3      7.    For other additional relief the Court deems just and equitable.

4  DATED this 16th day of July 2018.

                  BARRAZA LAW, PLLC

                  /s/ V. Omar Barraza
                  _____
                  VICENTE OMAR BARRAZA, WSBA 43589
                  Counsel for Plaintiff
                  14245-F Ambaum Blvd SW, Seattle WA 98166
                  206-933-7861 Fax 206-933-7863