HON. ROBERT J. BRYAN

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON TACOMA

| | |
|---|---|
| DAVID BARTON THACKER, an unmarried man,<br><br>Plaintiffs<br><br>v.<br><br>THE BANK OF NEW YORK MELLON, f/k/a THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST 2007-24, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2007-24, a national association, and BAYVIEW LOAN SERVICING, LLC.,<br><br>Defendants. | Case No.  3:18-cv-05562-TLF<br><br>DEFENDANTS BANK OF NEW YORK MELLON & BAYVIEW LOAN SERVICING, LLC.'S ANSWER |

Defendants Bank of New York Mellon and Bayview Loan Servicing, LLC. ("Defendants"), by and through its attorneys of record, hereby answers the Complaint as follows:

**<u>INTRODUCTORY STATEMENT</u>**

As to Plaintiffs' Preliminary Statement, these unnumbered paragraphs are summaries and legal contentions that need not be admitted or denied; to the extent it states any factual matter it is hereby denied.

DEFENDANTS ANSWER 1
3:18-cv-05562-TLF

Klinedinst PC, Seattle
701 Fifth Ave., Suite 1220
Seattle, Washington 98104

## PARTIES, JURISDICTION, AND VENUE

1. As to Paragraph 1, the Defendants have insufficient information to admit or deny the allegations, but has no reason to disbelieve the allegations.

2. As to Paragraph 2, Defendants admit that Bayview Loan Servicing serviced the loan at issue during part of the time in question, and that Bayview operates out of Coral Cables, Florida. Bayview is a limited liability company so Defendants deny that Bayview is "incorporated" in Delaware.

3. As to Paragraph 3, the laws governing Defendant Bank of New York Mellon is a legal question that need not be admitted or denied. Defendant Bank of New York Mellon admits that it is the Trustee for the Certificate Holders of the CWALT, Inc., Alternative Loan Trust 2007-24 Mortgage Pass-through Certificates, Series 2007-24, for the loan secured by the subject property. Defendants have no information on Thacker's divorce or property distribution and therefore deny the same, though acknowledges the recorded document. Defendants also admit that BONY retained Bayview for loan servicing related to the loan in question, and accorded certain duties and rights in accord therefore, but denies all remaining allegations of this paragraph.

4. As to Paragraph 4, Defendants admit it was "not involved with the Plaintiff or his ex-wife" when the loan was originally obtained in 2007. Defendants admit that they conduct business within the borders of the State of Washington. The remaining allegations are ambiguous such that Defendants cannot admit or deny them and therefore denies. To the extent the paragraph makes a legal argument, it does need to be admitted or denied. Defendants deny all remaining allegations of this paragraph.

5. [Omitted in complaint]

6. [Omitted in complaint]

7.  As to Paragraph 7, Defendants admit that it has used mail, telephone, and the internet to conduct business in the State of Washington. The remaining allegations are ambiguous such that Defendants cannot admit or deny them and therefore denies. To the extent the paragraph makes a legal argument, it does need to be admitted or denied. Defendants deny all remaining allegations of this paragraph.

8.  As to Paragraph 8, Defendants deny that any damages are due or owing from Defendants to Plaintiff, but Defendant is not contesting jurisdiction at this time.

9.  As to Paragraph 9, Defendants do not contest venue at this time.

**FACTS**

10.  As to Paragraph 10, Defendants have insufficient information to admit or the deny the allegations that the Plaintiff and his ex-wife borrowed $432,000.00 from SJ Lending LP d/b/a Community One Financial, in June of 2007, but has no reason to disbelieve the allegations based on after-acquired information. Defendants have insufficient information to admit or deny the allegations that "Countrywide" issued a Notice of Intent to Accelerate as set forth in Exhibit C, and therefore deny the same.

11.  As to Paragraph 11, Defendant Bank of New York Mellon admits Plaintiff did not cure the arrears. Defendant Bank of New York Mellon denies that it accelerated the note, and denies that it did not waive acceleration if indeed acceleration occurred. To the extent the paragraph makes an argument, it does need to be admitted or denied. Defendant Bank of New York Mellon denies all remaining allegations of this paragraph.

12.  As to Paragraph 12, Defendants admit, based on docket information for Plaintiff and Melody Thacker's Chapter 7 Bankruptcy, that Plaintiff and Melody Thacker filed for Chapter 7 Bankruptcy on July 7, 2010. Defendants do not have sufficient information to admit or deny "The Loan" was listed on their schedules, but has no reason to disbelieve the allegations based on

after acquired information. Defendants do not have sufficient information to admit or deny "BONY filed a proof of claim specifying the Loan and the obligations," but has no reason to disbelieve the allegations based on after acquired information. Defendants admit that Plaintiff and Melody Thacker's Chapter 7 Bankruptcy was discharged on November 12, 2010. The remaining allegations are ambiguous such that Defendants cannot admit or deny them and therefore denies. To the extent the paragraph makes a legal argument, it does need to be admitted or denied. Defendants deny all remaining allegations of this paragraph.

13. [Omitted from complaint.]

14. To the extent Paragraph 14 refers to affirming the Loan in the context of Plaintiff and Melody Thacker's Chapter 7 Bankruptcy, Defendants admit Plaintiff and Melody Thacker did not reaffirm the Loan within the context of Chapter 7 Bankruptcy. To the extent Paragraph 14 makes a legal argument, it does not need to be admitted or denied. The remaining allegations are ambiguous such that Defendants cannot admit or deny them, and they therefore deny. Defendants deny remaining allegations in this paragraph.

15. As to Paragraph 15, this paragraph makes a legal argument, it does need to be admitted or denied. However, Defendants deny the entirety of this paragraph, and particularly deny that the statute of limitation has expired on this claim.

16. As to Paragraph 16, Defendant Bank of New York Mellon denies that Notices of Trustee Sale were recorded on January 29, 2009, and May 5, 2011. Defendants admit a Notice of Trustee Sale was recorded on January 28, 2009, and that Recontrust Company was the Trustee. Defendants admit that a Notice of Trustee Sale was recorded on March 31, 2010, and that Recontrust Company was the Trustee. Defendants admit a Notice of Trustee Sale was recorded on May 25, 2011, and that Recontrust Company was the Trustee. The remaining allegations are ambiguous such that Defendant Bank of New York Mellon cannot admit or deny them and

DEFENDANTS ANSWER 4
3:18-cv-05562-TLF

Klinedinst PC, Seattle
701 Fifth Ave., Suite 1220
Seattle, Washington 98104

therefore denies. To the extent the paragraph makes a legal argument, it does need to be admitted or denied. Defendant Bank of New York Mellon denies all remaining allegations of this paragraph.

17. As to Paragraph 17, Defendants admit that it caused for a Notice of Trustee Sale to be recorded on March 21, 2018, setting the auction sale date for July 20, 2018. The remaining allegations are ambiguous such that Defendants cannot admit or deny them and therefore Defendants deny the same. To the extent the paragraph makes an argument, it does need to be admitted or denied.

18. As to Paragraph 18, Defendants denies all allegations.

## **CAUSES OF ACTION**

19. As to Paragraph 19, Defendants hereby expressly incorporate and incorporate by reference all foregoing answers.

20. As to Paragraph 20, this is a legal conclusion and it does not need to be admitted or denied.

21. As to Paragraph 21, this is a legal conclusion and it does not need to admitted or denied. Defendants deny the entirety of this paragraph, and particularly deny that the statute of limitation has expired on this claim.

22. As to Paragraph 22, this is a legal conclusion and it does not need to be admitted or denied. Defendants deny the entirety of this paragraph, and particularly deny that the statute of limitation has expired on this claim.

22. As to Paragraph 22, this is a legal conclusion and it does not need to be admitted or denied. Defendant Bank of New York Mellon denies that Notices of Trustee Sale were recorded on January 29, 2009, and May 5, 2011. Defendants admit a Notice of Trustee Sale was recorded on January 28, 2009, and that Recontrust Company was the Trustee. Defendants admit that a

Notice of Trustee Sale was recorded on March 31, 2010, and that Recontrust Company was the Trustee. Defendants admit a Notice of Trustee Sale was recorded on May 25, 2011, and that Recontrust Company was the Trustee. The remaining allegations are ambiguous such that Defendant Bank of New York Mellon cannot admit or deny them and therefore denies. To the extent the paragraph makes a legal argument, it does need to be admitted or denied. Defendant Bank of New York Mellon denies all remaining allegations of this paragraph.

23. As to Paragraph 23, this is a legal conclusion and does not need to be admitted or denied.

24. As to Paragraph 24, this is a legal conclusion and does not need to be admitted or denied.

25. As to Paragraph 25, this is a legal conclusion and does not need to be admitted or denied.

26. As to Paragraph 26, this is a legal conclusion and does not need to be admitted or denied.

27. As to Paragraph 27, this is a legal conclusion and does not need to be admitted or denied.

28. As to Paragraph 28, this is a legal conclusion and does not need to be admitted or denied.

29. As to Paragraph 29, this is a legal conclusion and does not need to be admitted or denied.

30. As to Paragraph 30, this is a legal conclusion and does not need to be admitted or denied.

31. As to Paragraph 31, this is a legal conclusion and does not need to be admitted or denied.

32. As to Paragraph 32, this is a legal conclusion and does not need to be admitted or denied.

33. As to Paragraph 33, this is a legal conclusion and does not need to be admitted or denied.

34. As to Paragraph 34, this is a legal conclusion and does not need to be admitted or denied.

35. As to Paragraph 35, this is a legal conclusion and does not need to be admitted or denied.

36. As to Paragraph 36, this is a legal conclusion and does not need to be admitted or denied. Defendants deny Plaintiff have suffered any damages.

## **AFFIRMATIVE DEFENSES**

In addition to the specific denials and admissions set forth above, Defendants assert the following Affirmative Defenses to the Complaint:

### **FIRST AFFIRMATIVE DEFENSE**
### **(Failure to State a Claim)**

As a first affirmative defense, Defendants assert that Plaintiffs have failed to state a claim upon which relief may be granted.

### **SECOND AFFIRMATIVE DEFENSE**
### **(Estoppel)**

As a second and separate affirmative defense, Defendants allege that Plaintiffs, by their own acts and/or omissions, are estopped from recovering at all against Defendants.

### **THIRD AFFIRMATIVE DEFENSE**
### **(Waiver)**

As a third and separate affirmative defense, Defendants allege that Plaintiffs, by their own acts and/or omissions, have waived their rights, if any, to recover against Defendants.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

As a fourth and separate affirmative defense, Defendants allege that Plaintiffs have failed to mitigate their damages, if any, in connection with the matters referred to in the Complaint, and that such failure to mitigate bars and/or diminishes Plaintiffs' recovery, if any, against Defendants.

## FIFTH AFFIRMATIVE DEFENSE
### (Bona Fide Error)

As a fifth and separate affirmative defense, to the extent that any violation of law occurred, which Defendants expressly deny, any such violations were not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendants of procedures reasonably adapted to avoid them.

## SIXTH AFFIRMATIVE DEFENSE
### (Laches)

As a sixth and separate affirmative defense, Defendants allege that the causes of action contained in the Complaint, and each of them, are barred by the doctrine of laches, in that Plaintiffs have unreasonably delayed in bringing these claims, and said delays have prejudiced Defendants.

## SEVENTH AFFIRMATIVE DEFENSE
### (Intervening, Superseding Actions of Others)

As a seventh and separate affirmative defense, Defendants allege that the injuries and damages sustained by Plaintiffs, if any, were proximately caused by the intervening and superseding actions of others, which intervening and superseding actions bar and/or diminish Plaintiffs' recovery, if any, against Defendants.

## EIGHTH AFFIRMATIVE DEFENSE
### (Res Judicata/Collateral Estoppel)

As an eighth and separate affirmative defense, Defendants allege that Plaintiffs' Complaint is barred by the doctrines of res judicata and/or collateral estoppel.

## NINTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

As a ninth and separate affirmative defense, Defendants allege that by reason of Plaintiffs' conduct, Plaintiffs are barred by the doctrine of Unclean Hands from taking any relief sought in the Complaint.

## TENTH AFFIRMATIVE DEFENSE
### (Indispensable Parties)

As a tenth and separate affirmative defense, Defendants allege that this action cannot proceed because Plaintiffs have failed to join one or more indispensable parties.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Right to Set-Off)

As an eleventh and separate affirmative defense, Defendants allege that it is entitled to a set-off for, among other things, any settlements reached by Plaintiffs regarding their alleged damages in this action, as against any recovery by Plaintiffs herein, if in fact there is any by Plaintiffs.

## TWELFTH AFFIRMATIVE DEFENSE
### (Intervening, Superseding Actions or Omissions of Plaintiffs)

As a twelfth and separate affirmative defense, Defendants allege that the injuries and damages sustained by Plaintiffs, if any, were proximately caused by the intervening and superseding actions or omissions of Plaintiffs, which intervening and superseding actions or omissions bar and/or diminish Plaintiffs' recovery, if any, against Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Equitable Indemnity and Contribution)

As a thirteenth and separate affirmative defense, should Plaintiffs recover from Defendants, Defendants are entitled to equitable indemnification and/or contribution, either in whole or in part, from persons or entities whose acts or omissions proximately contributed to Plaintiffs' damages, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

As a fourteenth and separate affirmative defense, Defendants allege that the Complaint, and each and every cause of action or purported cause of action contained therein, is barred by all applicable statutes of limitation, including but not limited to, Revised Code of Washington section 4.16.080, 4.16.040, 4.16.070, 4.16.150, 19.86.120, 15 U.S.C. section 1692k(d) and 15 U.S.C. section 1640(3).

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Additional Defenses)

As a fifteenth and separate affirmative defense, Defendants allege that it may have additional defenses that cannot be articulated due to Plaintiffs' failure to particularize their claims, due to the fact that Defendants do not have copies of certain documents bearing on Plaintiffs' claims and due to Plaintiffs' failure to provide more specific information concerning the nature of the damage claims and claims for certain costs which Plaintiffs allege that Defendants may share some responsibility. Defendants therefore reserve the right to assert additional defenses upon further particularization of Plaintiffs' claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

## SIXTEENTH AFFIRMATIVE DEFENSE

**(Right to Amend Answer)**

As a sixteenth and separate affirmative defense, Defendants reserve the right to amend their answer herein, including the addition of affirmative defenses after pleading and discovery in preparation for trial.

## **PRAYER**

Defendants deny that Plaintiff is entitled to requested relief, or any relief, against the Defendants.

WHEREFORE, Defendants prays for judgment against Plaintiffs as follows:

That Plaintiff takes nothing by way of this action;

That Defendants be awarded costs of suit incurred herein; and

For such other and further relief as the Court deems just and proper.

DATED: August 8, 2018

                                 KLINEDINST PC

                                 By: *s/ Gregor A. Hensrude*
                                     Gregor A. Hensrude, WSBA #45918
                                 By: *s/ Erin M. Thenell*
                                     Erin M. Thenell, WSBA #51449
                                 701 Fifth Avenue, Suite 1220
                                 Seattle, WA 98104
                                 Tel: (206) 682-7701
                                 Email: ghensrude@klinedinstlaw.com
                                                            ethenell@klinedinstlaw.com

                                 Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, Kelsie D. Clemens, hereby certify that on the date below, I served the foregoing via the method indicated below on all counsel of record:

| *Attorney for Plaintiff*<br>Vicente Omar Barraza, WSBA #43589<br>BARRAZA LAW PLLC<br>14245 – F Ambaum Blvd SW<br>Seattle, WA 98166<br>omar@barrazalaw.com | ☐ First Class U.S. Mail<br>☐ Overnight Mail<br>☐ Legal Messenger<br>☒ Email |
|---|---|

DATED this 8th day of August, 2018, at Seattle, Washington.

*s/Kelsie D. Clemens*
Kelsie D. Clemens, Legal Secretary