1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT
7                    WESTERN DISTRICT OF WASHINGTON
                                  TACOMA

8
     DAVID BARTON THACKER, an unmarried        CASE: 3:18-cv-05562-RJB
9    man,
                                               RESPONSE TO DEFENDANTS'
10                    Plaintiff,               MOTION FOR ATTORNEY FEES

11        vs.

12   THE BANK OF NEW YORK MELLON, f/k/a
     THE BANK OF NEW YORK AS TRUSTEE
13   FOR THE CERTIFICATEHOLDERS OF THE
     CWALT, INC., ALTERNATIVE LOAN
14   TRUST 2007-24, MORTGAGE PASS-
     THROUGH CERTIFICATES, SERIES 2007-
15   24, a national association, and BAYVIEW
     LOAN SERVICING, LLC.,
16
                      Defendants.
17

18        COMES NOW, Plaintiff DAVID BARTON THACKER, by and through the

19   undersigned counsel, responds to the Defendants' Motion for Attorney Fees and states the

20   following for support.

21        1.      On July 2, 2010, the Plaintiff and his then spouse, Melody Thacker, filed for

22   protection under Chapter 7 of the bankruptcy code. The Loan was listed on their schedules, and

23   defendant BONY filed a proof of claim specifying the Loan and the obligations under (Exhibit

24
RESPONSE TO DEFENDANTS'
MOTION FOR ATTORNEY FEES

**BARRAZA LAW PLLC**
10728 16th Ave SW
SEATTLE WA 98146
Tel. 206-933-7861/Fax206-933-7863

1   A, Attachment to Proof of Claim). The court discharged the Thackers' personal liability on

2   November 12, 2010 (Exhibit B, Order of Discharge).

3       2.      The Thackers did not reaffirm the Loan and their personal liability under the

4   Promissory Note were discharged.

5       3.      The last missed payment before the discharge of the Thackers' personal liability

6   was November 1, 2010; said date triggered the Washington's six-year statute of limitations

7   period for enforcing the Deed of Trust that they executed in 2007. This is because the discharge

8   alerted BONY or any other entity claiming rights and interests under Note that the limitations

9   period to foreclose on the Property as security has commenced.

10      4.      BONY, via its agents, recorded Notices of Trustee Sale on January 29, 2009,

11  March 31, 2010, and May 5, 2011, in order to foreclose upon the Property via nonjudicial

12  means. However, these sales were filed by Recontrust Company, an unauthorized foreclosure

13  trustee; postponed; and eventually cancelled at BONY's discretion or the discretion of the

14  agents that BONY hired.

15      5.      In March of 2018, nearly eight years after the last payment was missed by the

16  Thackers, BONY again, through defendant Bayview and other agents, caused a Notice of

17  Trustee's Sale to be recorded on March 21, 2018, setting the auction sale date for July 20, 2018.

18      6.      In a good faith belief that RCW 4.16.005 and RCW 4.16.040 time-barred the

19  Defendants' nonjudicial foreclosure of Plaintiff's property based on the Deed of Trust executed

20  on June 12, 2007, and eight years after the bankruptcy discharge of July 2, 2012, Plaintiff filed

21  suit under the above-titled cause of action for quiet title and claims based on a time-barred debt.

22  The nonjudicial foreclosure proceeding was suspended as a result of Plaintiff's pre-sale action.

23      7.      This Court granted the Defendants' motion for summary judgment on March 13,

24

RESPONSE TO DEFENDANTS'
MOTION FOR ATTORNEY FEES

2019, dismissing all claims asserted by Plaintiff on the ground that Plaintiff acknowledged the debt and restarted the statute of limitations by virtue of his application for loss mitigation with the loan servicer.

8.      The Defendants filed Motion for Attorney Fees in the amount of $23,684.00, citing to provisions within the Deed of Trust and Promissory Note for support.

## ANALYSIS

First and foremost, the summary judgment granted by the Court, upon the revival of the debt theory, enables the Defendants to resume foreclosure against the Plaintiff and his property. Should the Defendants elect to foreclose under the Deeds of Trust Act, RCW 61.24.100 disallows a deficiency judgment. Therefore, any and all attorney fees and costs incurred by the Defendants to enforce the subject Deed of Trust are incorporated into the opening bid for the trustee's sale and are satisfied via the proceeds of the trustee's sale. On the other hand, should the Defendants choose to sue the Plaintiff to enforce the provisions of the Note and Deed of Trust, one of which allows for attorney fees and costs incurred, then the fees and costs incurred in this instant lawsuit are recoverable within the judicial foreclosure action, including a deficiency judgment to be satisfied by the rem. **Through the foreclosure process, the Defendants are guaranteed the recovery of all interest, fees, costs, and whatever else they have incurred because the real property is available to satisfy such interest, fees, costs**. On the other hand, by allowing the Defendants to recover attorney fees and costs at this juncture, the Court simply allows the defendant the opportunity to "double dip," because the Defendants will incorporate all fees and costs in all collection and foreclosure proceedings they have brought or initiated against the Plaintiff and his Property.

In the context of mortgage servicing, the law firm representing the Defendants has

RESPONSE TO DEFENDANTS'
MOTION FOR ATTORNEY FEES

already been paid in this case for its services by the loan servicer through what is known as "advances." It is certain that these advances are being incorporated into the total amount due and owing by the Plaintiff at the conclusion of the foreclosure action. As such, neither the Defendants nor their lawyers, have a risk of not getting the fees paid or reimbursed.

As an alternative argument, Plaintiff submits to the Court that attorney fees requested by the Defendants in this case are not recoverable because they are post-petition claims that had been discharged by the bankruptcy in 2010. Where the debtor voluntarily enters or returns to the litigation "fray" post-petition, he should be held responsible for liabilities which ensue, including any resulting attorney fees and costs awarded in connection with the post-petition litigation. *In re Ybarra*, 424 F.3d 1018, 1027 (9th Cir. 2005).  To the contrary, where debtor's action is analogous to an objection to a filed proof of claim, he has not "voluntary returned to the litigation fray." *In re Mason,* 509 B.R. 341, 344 (Bankr. D. Colo. 2014) (noting that when a debtor's actions are defensive in nature, they "do not rise to the level of affirmative action or "returning to the fray' which the Ninth Circuit found in Ybarra created a new post-petition debt"); *In re Castellino Villas, A.K.F. LLC*, 836 F.3d 1028 (9th Cir. 2016) ("if a creditor and debtor are engaged in prepetition litigation pursuant to a contract that includes an attorneys' fees provision, and the creditor 'can fairly or reasonably contemplate' that it will have a claim for attorneys' fees if an 'extrinsic event' occurs (that is, if it prevails in the litigation), then the creditor's claim for attorneys' fees will be discharged in the debtor's bankruptcy even if the creditor incurs attorneys' fees after the debtor was discharged."), citing to *In re SNTL Corp.*, 571 F.3d 826, 839 (9th Cir. 2009).

Here, the instant litigation involving foreclosure of the Plaintiff's Property—an objective that has been pursued by the Defendants repeatedly.  The contract in question is the

RESPONSE TO DEFENDANTS'
MOTION FOR ATTORNEY FEES

**B A R R A Z A  L A W  P L L C**
10728 16th Ave SW
SEATTLE WA 98146
Tel. 206-933-7861/Fax206-933-7863

Deed of Trust under which the Lender is guaranteed to recover attorney's fees in seizing the collateral. In response to the Defendants' most recent attempt to foreclose through nonjudicial means, the Plaintiff had to bring a pre-sale action in good faith to present arguments in support of quiet title—which is analogous to a claim objection. Therefore, the Defendants' claim for attorney's fees and costs are discharged in the Plaintiff's bankruptcy even though these fees and costs were incurred post-petition. *In re Taggart*, 548 B.R. 275 (9th Cir. 2016) (Reversing bankruptcy court's ruling that debtor had returned to the fray and remanded for determination of whether creditor has violated discharge injunction in its effort to seek attorney award against the debtor).

WHEREFORE, based on the foregoing, Plaintiff prays that the Court deny the Defendants' Motion for Attorney Fees as the Defendants are guaranteed to recover attorney fees once the nonjudicial foreclosure is resumed and ultimately concluded.

DATED this 8th day of April 2019.

BARRAZA LAW, PLLC

/s/ *Vicente Omar Barraza*
VICENTE OMAR BARRAZA, WSBA 43589
Counsel for Plaintiff
10728 16th Ave SW, Seattle WA 98146
206-933-7861 Fax 206-933-7863

RESPONSE TO DEFENDANTS'
MOTION FOR ATTORNEY FEES

BARRAZA LAW PLLC
10728 16th Ave SW
SEATTLE WA 98146
Tel. 206-933-7861/Fax206-933-7863