HON. ROBERT J. BRYAN
NOTED: April 12, 2019

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| DAVID BARTON THACKER, an unmarried man, <br><br> Plaintiffs <br><br> v. <br><br> THE BANK OF NEW YORK MELLON, f/k/a THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST 2007-24, MORTGAGE PASS-THROUGH CERTIFICATE, SERIES 2007-24 a national association and BAYVIEW LOAN SERVICING, LLC., <br><br> Defendants. | Case No.   3:18-cv-05562-RJB <br><br> DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ATTORNEY FEES |

## I.   INTRODUCTION

Defendants Bank of New York Mellon ("BONY") and Bayview Loan Servicing, LLC are entitled to attorney's fees for being forced to litigate this case, largely because Thacker already agreed to pay those fees in the event he unsuccessfully litigated his contractual duty to pay his mortgage. The contract is clear, signed by Thacker, and of uncontested enforceability.  In his Response, Thacker does not dispute that he previously agreed to pay fees, or the reasonableness of Defendants' rates and hours. Instead, he proffers two easily-dispensable arguments: either 1) an award of fees should be delayed until the end of a separate foreclosure sale or judicial action, despite federal rules requiring an award of fees *for this case* to be litigated now; or 2) the prior

bankruptcy discharge order discharged his obligation to pay attorney's fees here, despite his voluntary commencement of the instant litigation after the bankruptcy proceedings. Neither argument finds support in law or logic.

## II.  ARGUMENT IN REPLY

Thacker's objections to an award of fees fail for two reasons. First, no law or policy warrants a delayed payment until the commencement of all litigation or actions on this matter and, indeed, the Federal Rules hold otherwise. Second, Thacker voluntarily commenced the instant litigation, which Defendants could not reasonably expect at the time of the bankruptcy proceedings given the meritless nature of Thacker's arguments on the statute of limitations.

1. **Defendants timely sought attorney fees and no delay is warranted.**

As to the timing for requesting fees, the federal rules *require* that the party requesting fees file a motion "no later than 14 days after entry of judgement." Fed. R. Civ. P. 54(d)(2)(B)(i). Not only does Thacker fail to cite any authority supporting a delayed fee award, or any evidence guaranteeing that future sale proceeds will cover the fees accrued to that date in addition to the unpaid mortgage and interest, but the rules require that the fees associated with the instant lawsuit be litigated at this time. Thacker's fear of any "double-dipping" is misplaced; obviously Defendants cannot and will not request fees that have already been awarded in a separate and distinct case, or would any court grant such a request.  (Defendants will request fees when they prevail on appeal, but that is a separate issue.)

2. **Thacker voluntarily instigated the litigation, thus permitting an award of fees**.

As to Thacker's discharged debt, the Ninth Circuit follows a standard that "claim for [attorney's] fees incurred postpetition on account of that underlying claim is deemed to have arisen postpetition if the debtor 'returned to the fray' postpetition by voluntarily and affirmatively acting to commence or resume the litigation with the creditor." *In re Taggart*, 548 B.R. at 289

(quoting *Bechtold v. Gillespie (In re Gillespie)*, 516 B.R. 586, 591 (9th Cir. BAP 2014)). The *Ybarra* court explicitly emphasized its prior holdings that post-petition initiation of new litigation was a non-dischargeable "voluntary act" which warranted fees:

> In sum, we have held that post-petition attorney fee awards are not discharged where post-petition, the debtor voluntarily pursued a whole new course of litigation, commenced litigation, or returned to the fray voluntarily. We have also endorsed the notion that by voluntarily continuing to pursue litigation post-petition that had been initiated pre-petition, a debtor may be held personally liable for attorney fees and costs that result from that litigation.

*In re Ybarra*, 424 F.3d at 1023-24 (quoting in part *Siegel v. Federal Home Loan Mortgage Corp.*, 143 F.3d 525, 534 (9th Cir. 1998)). [1] "The rule is invoked to prevent a debtor from using the discharge injunction as a sword that enables him or her to undertake risk-free postpetition litigation at others' expense." *In re Taggart*, 548 B.R. at 289 (citing *Bechtold v. Gillespie (In re Gillespie)*, 516 B.R. 586, 591 (9th Cir. BAP 2014)).

Here, Thacker "'returned to the fray' postpetition by voluntarily and affirmatively… commenc[ing]…litigation with the creditor." *In re Taggart*, 548 B.R. at 289. He instigated the lawsuit to obtain a free house, which is separate and apart from the discharge of his personal liability on the Note. While Thacker erroneously argues that quieting title is analogous to objecting to a claim on underlying debt, a debtor's personal discharge does not negate a lender's ability to foreclose on the property at issue under a Chapter 7 bankruptcy, which occurred here. *Tehranchi v. Plan River Inv., LLC*, 2011 U.S. Dist. LEXIS 164973 (C.D. Cal. Nov. 18, 2011) ("Under the Bankruptcy Code, the claim of real property in a chapter 7 bankruptcy as an exempt asset followed by a discharge to the debtor results only in a discharge of personal liability, and does not result in the automatic divestment of liens which attached to real property prior to the

---

[1] *See also In re Taggart*, 548 B.R. at 289 (citing *Bechtold v. Gillespie (In re Gillespie)*, 516 B.R. 586, 591-92 (9th Cir. BAP 2014)) ("The Ybarra rule applies regardless of whether the litigation begins prepetition or postpetition, regardless of the nature of the underlying claim, and regardless of the forum in which the postpetition litigation takes place.").

filing of the bankruptcy petition.") (internal brackets and quotations removed) (quoting *Velazquez v. Mortgage Electronic Registration Systems, Inc.*, No. 2:11-CV-576 JCM (RJJ), 2011 U.S. Dist. LEXIS 48898, 2011 WL 1599595, *3 (D. Nev. Apr. 27, 2011)). Thacker's voluntarily initiation of the instant case related to ownership of the real property and not the liability of that property, and thus is not analogous to his discharged debts.

Further, Thacker's two cited cases do not apply. *In re Mason* was predicated on the fact that the *creditor* instigated the litigation, as opposed to the debtor, as Thacker did here. *See In re Mason*, 509 B.R. 341, 344 (Bankr. D. Colo. 2014) ("Debtor's actions in the state court judicial foreclosure were defensive in nature and do not rise to the level of affirmative action or 'returning to the fray' which the Ninth Circuit found in *Ybarra* created a new post-petition debt."). *In re Castellino Villas* concerned reasonably anticipated litigation commenced *during the bankruptcy petition*, none of which occurred here. *See In re Castellino Villas, A.K.F.*, 836 F.3d 10236-37 (9th Cir. 2016).[2] Defendants could not have reasonably anticipated that Thacker would object to quieting title by suing Defendants on a patently frivolous theory, and Thacker did not commence the instant litigation during his bankruptcy. Neither case applies.

### III. CONCLUSION

Thacker's sole arguments in his response directly contradict established rules of civil procedure, misconstrue precedent pertaining to non-dischargeable attorney fees, and ignore key facts—like his voluntary initiation of the instant litigation to obtain free title to a house, after discharging all his debts on that house. But the material facts warranting an award of fees are

---

[2] "Nor did Castellino "pursue a whole new course of litigation" after receiving a discharge. Rather, it merely continued to litigate the single legal action that Picerne had commenced before Castellino filed a petition in bankruptcy. Nothing in the agreement or in the definition of "claim" suggests that Castellino's efforts to defend itself in the ongoing litigation were outside the fair contemplation of the parties…The pertinent question is whether the right to obtain attorneys' fees in the litigation is within the fair contemplation of the parties, and Picerne provides no reason why it would not have fairly contemplated that the parties would proceed with litigation that had not been resolved in bankruptcy."

DEFS' REPLY ISO MOTION FOR ATTORNEY FEES - 4
3:18-cv-05562-RJB

Klinedinst PC, Seattle
701 Fifth Ave., Suite 1220
Seattle, Washington  98104

undisputed: Thacker previously agreed to pay fees associated with the instant litigation, and the hours and rates of those fees are reasonable. Defendants respectfully request that this Court grant their motion for fees.

DATED: April 12, 2019

KLINEDINST PC

By: *s/ Gregor A. Hensrude*
　　Gregor A. Hensrude, WSBA #45918
By: *s/ Stephanie D. Olson*
　　Stephanie D. Olson, WSBA #50100
701 Fifth Avenue, Suite 1220
Seattle, WA  98104
Tel: (206) 682-7701
Email: ghensrude@klinedinstlaw.com
　　　　solson@klinedinstlaw.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, Riley Curtis-Stroeder, hereby certify that on the date below, I electronically filed the foregoing with the U.S. District Court, Western District of Washington, using the CM/ECF system, which will send notification of this filing to the following parties of record:

| *Attorney for Plaintiff*<br>Vicente Omar Barraza, WSBA #43589<br>BARRAZA LAW PLLC<br>14245 – F Ambaum Blvd SW<br>Seattle, WA 98166<br>omar@barrazalaw.com<br>vobarraza@gmail.com<br>admin@barrazalaw.com | ☐ First Class U.S. Mail<br>☐ Overnight Mail<br>☐ Legal Messenger<br>☑ CM/ECF System - Email |
|---|---|

DATED this 12th day of April, 2019, at Seattle, Washington.

*s/ Riley Curtis-Stroeder*
Riley Curtis-Stroeder, Legal Assistant